Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you. You may be seated. We have four arguments today and we're going to plan to take a brief break after the second argument. So we're ready to hear argument in our first case. Whenever you're ready, counsel. Good morning, and may it please the Court. Donna Kagan McGinley for Petitioner Appellant, Jason Tywon Bell. This case is the quintessential case of someone for whom the remedy by motion is inadequate or ineffective to test the legality of his detention. As required for resort to Section 2241 under the Saving Clause. First, Mr. Bell meets the second and third prongs of Wheeler. Second, no one can get the statute held unconstitutional and direct review by the Supreme Court, and no one can get through under Section 2255. Third, Jones v. Hendricks left the door open to claims rooted in the history and tradition of habeas, and Mr. Bell's claim is analogous to one of those claims. What about our Fourth Circuit precedent now, Slusser and Farkas? That didn't leave any door open, did it? So our position is that those cases have been rendered untenable by the holding, or their reasoning or holding, or both, have been rendered untenable by Jones v. Hendricks, and therefore this panel is not bound by them. How are they untenable by Jones v. Hendricks? They almost seem in line with it to me. Jones v. Hendricks says that claims based on intervening statutory interpretation decisions cannot get through. Slusser and Farkas say that constitutional claims can't get through. If, after Jones v. Hendricks, both categories of claims can't get through, then nothing can get through the Saving Clause, at the very least. Okay, so it's untenable because there is just no other recourse for a penalty, is that correct? And others. Essentially, two extremely... But you're not saying that nobody can get through the Savings Clause, right? I mean, the court in Jones gave two categories of people, maybe only two categories of people, that do qualify under the Savings Clause. Sure, but the court in Jones... Not convicted by a court of competent jurisdiction, for example. That person would get through under the Savings Clause, right? Sure, but Jones also didn't close the door on anything else that wasn't specifically enumerated in the Jones v. Hendricks opinion. It certainly didn't purport to sketch out the outer bounds of the Saving Clause. So, at the very least, I think two cases that say that categorically constitutional claims does not matter of what kind or nature cannot get through should be rethought after Jones v. Hendricks threw out an... Well, J. Hendricks is pretty... At least the way I read it, is pretty limiting. It says 2255H specifies the two limited conditions in which Congress has permitted federal prisoners to bring a second or successive collateral attack. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the Savings Clause. And here's the key point. It means that he cannot bring it at all. Congress has chosen finality over error correction in this case. In this case, which is a statutory interpretation case and... Right, but Jones... You're right. Jones was a statutory interpretation case, but Jones, in its analysis, relied on cases that involved constitutional... alleged constitutional violations. It didn't... I agree with Your Honor that Jones, you know, begins with a broader analysis. I think as the opinion continues, it hones in more closely on statutory claims. I think at the end of the... So, what Judge Thacker just read, just to make sure I understand your argument, what Judge Thacker just read where she says 2255H specifies the two limited conditions that are permitted, one of those is for constitutional claims. Right. Right, and it provides a set of specific circumstances in which such a constitutional claim could be specified under H. Right, but I will point, Your Honor, to the very last paragraph of Jones v. Hendricks in which Justice Thomas described... Before you move off of the language that Judge Thacker quoted, what I'm having trouble understanding, you're saying that the constitutional claims aren't encompassed in that sentence, but that sentence seems like, in fact, more directly addressing constitutional claims than statutory claims? It's anything under H? If I'm not... First of all, that's not the holding of the case, and you're not bound by the holding of the case. And second... Wait, why is that not the holding of the case? Because the case... It's like the ultimate end of the interpretation is the straightforward one, and it provides the interpretation. And I'm going to read it again, but... If I'm not mistaken, that very paragraph then ends in Justice Thomas saying, Congress certainly did not think to provide an avenue for non-constitutional claims. The end of that paragraph says, Congress has chosen finality over error correction. In his case, right. Based on an interpretation of a statute, but the interpretation of the statute is... I'm just having a hard time understanding how to interpret the statute, which is what the holding is, that leads to that conclusion is different for constitutional claims when constitutional claims are specified in H. I don't think that we can read Jones to preclude constitutional claims categorically without running up into the suspension clause. Oh, not categorically, right? Very much not categorically, because 2255H very specifically identifies which constitutional claims can be brought. But 2255H does not provide for all of the kinds of claims that would need to be available for suspension clause concerns to not be triggered. Okay, so I understand that argument, right? But that's a transition. That's saying, yep, totally lose under Jones, but that shouldn't happen because of suspension clause. I think that argument doesn't work under Jones either, but that's a different section of Jones, right? We are not conceding that we're losing under Jones. I know, but your response to my question is, well, let me talk about a different argument, which is totally fine. I'm happy for you to talk about a different argument. But it doesn't answer the question of how I read this language from Jones to not encompass the very thing that it says is encompassed. My response or my response was an attempt at saying that Jones ought to be read with those concerns in mind. And given those concerns, we cannot read Jones to say that only this very narrow category of constitutional claims can get through, given that the saving clause exists and the suspension clause exists. So I don't think that we can take from Jones a much broader holding than it... Are there any cases after Jones that support, any circuit court cases after Jones that support your position? In this circuit? In any circuit. I don't think that there are... I mean, I know you're in this circuit. No, I don't think that there are any cases that have dealt with this particular situation. One way or the other. Right. Okay. And if you go to the... So if I can just turn back to the very last paragraph of Jones v. Hendricks, in which Justice Thomas invokes the history and tradition and essentially... You said the very last paragraph. I don't have the case right in front of me. I believe it is the very last paragraph in which he talks about constitutional norms and historical norms. The last paragraph of the whole case? Yes. Okay. I can attempt to give you a cite. Well, we have the case. Go ahead. In that paragraph, Justice Thomas leaves the door open, at the very least, to claims that are rooted in history and tradition. And Mr. Bell's claim is one of those claims. His claim is a void for vagueness claims, and those have been cognizable even before we had a constitution under the Magna Carta. We liken his claim to one that argues that the court under which he was sentenced was without jurisdiction. If you go back to a higher up in Jones v. Hendricks, not the last paragraph, Justice Thomas articulates not a rule, but an explanation, in which he says that historically, habeas was not available to claims concerning convictions or sentences that were handed down by courts of competent jurisdiction. There is historical debate over what that means, but jurisdiction at the time did not mean what it means today. And a court that sentences someone under a statute that criminalizes no discernible conduct effectively sentences that person without jurisdiction, without power to do so. And so our position is that if you are going to proceed under that— That's the Jones dissent, right? I mean, I totally get that argument, and it's a reasonable argument, right? It's just the one that Justice Thomas rejects and that the dissent makes in Jones, right? They engage in a— Because obviously the dissent in Jones doesn't help you here because we don't get to make that judgment. You might be totally right. You might not be right, but you might be totally right. But making the argument that we should adopt the dissent's version of the history is a tough argument. So how is your argument different from the dissent's argument? First of all, I think that they engage in a historical debate, but I want to emphasize— Sorry, Justice Jackson and Justice Thomas. There's a historical back and forth. But I want to emphasize that the kind of claims at issue here, even just based on a plain reading of the words of 2255e, inadequate or ineffective, compel the result that we are advocating for because this is a situation in which not a single person can get this substantive law generated by the Supreme Court. Not a single person can get through 2255, and yet we have a decision on the books that says that a statute that is phrased the exact same way and works the exact same way. The whole point of Jones is that you can't bring these statutory claims under 2255. They don't exist. No, but this is a Void for Vagueness claim. This is a constitutional claim. All right. It's Thursday. But why does that matter? I understand that that was a Tuesday and this is a Thursday. But in Jones, the whole point of Jones, I thought the most compelling argument in Jones, and Justice Jackson made it, is that if not here, then never, then no way. Right. This person can't bring the claim. I see that my time is up. Should I? Please respond to Judge Richardson and then you can wrap up. I don't think it's a Tuesday or Thursday because the type of statutory claims are one animal. The constitutional claims, Void for Vagueness claims, are a special breed of claims that have been cognizable even before we had a constitution. And I think that you can say that, therefore, those claims emanate from historical and constitutional norms that would permit them to go through under the Saving Clause. And at the very least, this is not something that Jones v. Hendricks foreclosed just by opening that door to those kinds of claims. All right. Thank you. You have some time. And Roberta, we'll hear from Mr. Crane. Good morning, Your Honors. Paul Crane on behalf of the Warden J.C. Strievel. Mr. Bell is not entitled to relief in this court for two independent reasons. First, and including what was the discussion that already happened with my friend on the other side, is that the district court here correctly found there was no subject matter jurisdiction under Section 2241, a conclusion that is just strengthened even more by the court's decision in Jones v. Hendricks. Judge Thacker, to answer your question, there is no federal court, this jurisdiction or otherwise, that has granted relief post-Jones v. Hendricks on a 2241 petition to a challenge of a conviction or a sentence. Well, are there any that have denied relief? In circuit courts, unpublished opinions, and then district courts saying no. So nothing one way or the other? Not in a published court of appeals opinion, as far as I'm aware. And under Jones v. Hendricks, for reasons set forth in our briefing, there is just no basis for Section 2241 relief here. Well, what is the historical basis for reading constitutional claims out of Section 2241, going back to where Ms. McGinley ended her argument? A few answers to that, Your Honor. So, as Judge Richardson noted, not all constitutional claims are read out. There's a certain limited subset based on Section 2255H-2. This court in In re Vial, sitting en banc in 1997, held that the limitations in 2255H do not violate the suspension clause. So under that holding, this panel need go no further than that. The court in Jones v. Hendricks also strongly indicated that the suspension clause only protects the writ as it existed at 1789. And I don't think there's any historical basis for this particular type of challenge to a mandatory guideline provision, as opposed to, is there a court that lacked competent jurisdiction that entered the conviction? And so if a parent's sentence is, in fact, unconstitutional, he has no recourse at all under appellee's view of the case law as it stands. That's right. There is a constitutional error in Mr. Bell's sentence. There is no relief. In the words of Jones v. Hendricks, Congress has chosen finality over error correction. And that is the case here as well. And my friend on the other side acknowledges that they can't satisfy 2255H-2, which is why they sought to utilize 2241, understandably. And Jones v. Hendricks closed the door to statutory claims. It did not open any constitutional doors. And as Your Honor noted, this court's decisions in Susser and Farkas also make that quite clear. The second independent basis that this court could deny relief, in which case it would vacate the decision below, and with directions to dismiss under Munsingware, is that this appeal is now moved. As set forth in our brief, there's no basis for a redressable injury at this point in time. Your Honor, so I take your point as an initial matter, but help me understand why this doesn't sort of play. He's serving a five-year term of supervised release. It's now been three years, Your Honor, because of parallel 2255 litigation. It's a three-year term. The length of it doesn't, I think, maybe matter. Maybe it does. You'll tell me if it doesn't. Yeah, right. So he's serving supervised release now. Yes, Your Honor. If a court—and there are a lot of ifs here, right? But we have to assume the merits, right? So if he was granted habeas relief, and so the court said under 2241 that they had to vacate his sentence, and then whether it did it or whether it sent it back to the sentencing court to do it, it had a resentencing that would take place because he's still under a sentence of supervised release. Couldn't a district court doing that resentencing say, listen, you served more time than you needed to, and so I'm going to reduce your term of supervised release? Well, under the Supreme Court decision of Johnson v. United States, I don't think that the sentencing court could say exactly that, of I'm going to give you a version of sort of compensation for over-served prison time. It's not compensation, right? It's like I now am resentencing you in the light of the circumstances that exist. I determine that you need less supervised release, or maybe just the conditions are different for supervised release. I think that is correct, Your Honor. I think here, because all that's left is supervised release, Mr. Bell could go file a motion for either termination after having served one year or a motion to modify the terms of supervised release in the sentencing court. The fact that you could get relief in another proceeding doesn't mean the proceeding that you're in, right? I mean, you might be able to do lots of different things, right? But that doesn't make this proceeding moot. There's a possibility, the point of mootness, right? Is there some possibility that he could get some benefit, right, a lesser length in time or just lesser restrictions on a resentencing? We're the court in this hypothetical world where he got relief under 2241. And I understand that, Your Honor. I think our position is that is too speculative because it is the sentencing court that would ultimately be addressing supervised release. And so that sequence of dominoes is just a few too many, even if it might be helpful. Don't we think about like Carafas, right, the sort of collateral consequences, right? If anything, those are like more speculative than this. I mean, this seems like if we assume the merits of the litigation, which we have to for mootness, like the idea that a district court would reimpose the exact same three months doesn't seem at all far-fetched to me. And compared to what Carafas is, or however I'm supposed to say it, you know, the collateral consequences there are like beyond speculative in most instances. And I understand that, Your Honor. I think the Supreme Court in that line of cases has presumed that there will be collateral consequences somewhat to avoid that speculation problem. Now, the Supreme Court in later cases has certainly cut back and said if it's only a challenge to the sentence, then we're not going to have that same presumption as we would for a challenge to a conviction, which is— I get that. That's why we're talking about supervised release. Right. I totally get that we don't get to assume those in the sentencing case, but we still have this problem that because the supervised release could be reduced, he has, for mootness purposes, a sufficient interest in the litigation. I'm not sure I agree with all that up to. It's not—I don't think it's clear that the habeas court could be doing a reduction in supervised release as opposed to the sentencing court. But that's the ultimate relief versus the, like, intermediate relief, right? The habeas court could certainly—2241 court could vacate his sentence. The entire sentence. The entire sentence, right? And in that instance, it then would go somewhere. We can debate about whether it's the 2241 court or whether it's the original sentencing court. I totally get that debate. But it's just like a choice. It's one of those two. It's not none. I think it would ultimately be a sentencing court. Yes, I take your point on it.  And then the sentencing court could then make a reasonable decision. I'm not saying it would do it, but it's certainly a reasonable decision to say, I'm going to be less restrictive on the terms of your supervised release given the circumstances that we currently have. Yeah, and that's certainly theoretically possible. I think we say that's still a little too speculative and instead is more naturally housed in a motion under 3583 to modify or in a few months from now seek to terminate for exactly all those same reasons. But even if—assuming the court disagrees with us on that, the first basis kind of forecloses relief regardless. So whether it's— And we've got to decide mootness first, right? So I keep sticking my head in the lion's mouth. I disagree with that, Your Honor. I think you could decide either one because they're both thresholds, grounds, jurisdictions.  So I think the court has the discretion. I understand that the order of operations might feel more natural to do mootness. That's fair. But I think this court could actually do either. And up to your discretion whether you want to address both or one or the other. Unless the court has any additional questions, we'd ask either an affirmance for the district court or vacate or undermine somewhere. All right, thank you. Thank you, Your Honors. Ms. McGinley? Thank you. Just a few points. So first, with respect to Jones v. Hendricks, this court is bound by holdings, not language. And certainly not by the historical narrative in Jones, the entirety of it. All we can get for certain from Jones v. Hendricks is that statutory claims cannot get through and that we ought to continue being careful in our analysis so that the exceptions don't swallow the rules and we don't make an end run around Ed Puz limitations. Going back to our earlier discussion, I don't think that the answer can be 2255H provides two circumstances under which someone can get through the second or successive motion and that's it and that's the answer. The question is, is that enough? That's the question that we're asking under the saving clause. And what does the suspension clause say about that? And that's what we're trying to answer here. And as a result, I don't think that the right reading of Jones v. Hendricks is categorically any constitutional claims that does not meet section 2255H2 is out the window just based on Jones v. Hendricks. Do you want to respond to the moteness argument? Sure. I think, I just want to emphasize that like Judge Richardson was saying, all we need to know is that there is a non-trivial chance that he will get relief and vacature of the sentence is enough. The exact remedial mechanism that will follow that is a question that can be decided later. Do you have a view on whether the 2241 court or the sentencing court would be required to do any modification or resentencing? You don't have to have a view on that. This is like totally arcane. We do. We don't see a reason why the 2241 court can't engage in plenary resentencing that as part of that will shorten or lengthen the period of supervised release. We don't see anywhere in 2241 or 2255 or 3605 anything that says that. If that's not the case, this court has the power. What authority under 2241 would give it the authority? Maybe the fluke. Courts have the power that are given to them by their statutory grants and 2241 gives the authority to review or set aside. On the affirmative, it's that 2245 was enacted to mirror exactly, remedially what 2241 provided. There's no reason why a 2241 court can't do everything that a 2255 court can do under 2255B. What I meant earlier is that there's nothing in those statutes or any of the statutes that the government cited that says explicitly a 2241 court cannot engage in plenary resentencing that will impact the term of supervised release. I want to emphasize that as far as speculative is concerned, Mr. Bell, if sentenced today without his 924C conviction and without his career offender enhancement, his guidelines range would be 84 to 105 months. That's 7 to 8.5 years. He served 21.5 years. I think that we can safely say that any court, whether it's 2241 court or 2255 court, would weigh that significantly in plenary sentencing and take that into consideration when making a decision on his current term of supervised release. All right. Thank you, Ms. McGinley. We'll come down and greet counsel and proceed to our next case.
judges: Stephanie D. Thacker, Julius N. Richardson, DeAndrea Gist Benjamin